UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

-FILED-

FEB 18 2016

UNITED STATES OF AMERICA )
)
v. ) CAUSE NO: 2.16CR 23
)
MARK WARNE ) 18 U.S.C. § 1344

## INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNTS 1-10
(Bank Fraud)

At all times relevant to this Indictment:

### RELEVANT ENTITIES AND INVIDUALS

1. MARK WARNE was a resident of Brook, Indiana, which is in Newton, County Indiana and falls within the Northern District of Indiana.

2. Community State Bank of Brook Indiana ("Community State Bank") was, and is, a financial institution with funds insured by the Federal Deposit Insurance Corporation ("FDIC") located in Brook, Indiana.

3. WARNE served as President of Community State Bank from on or about September of 2010 to September of 2015. WARNE's employment with Community State Bank ended after his scheme to defraud the bank was uncovered.

4. Individual A was a Community State Bank customer and a member of WARNE's family.

1

5. Individual B was a Community State Bank customer and a member of WARNE's extended family.

6. Individual C was a Community State Bank customer and a member of WARNE's extended family.

7. Individual D was a Community State Bank customer.

## **THE SCHEME TO DEFRAUD**

8. Beginning on a date unknown, but no later than August of 2010 and continuing through approximately September of 2015, in the Northern District of Indiana and elsewhere, WARNE knowingly and with intent to defraud, executed and attempted to execute a scheme to defraud Community State Bank and to obtain money, funds, and assets owned by, and in the custody and control of Community State Bank, by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts. Through this scheme to defraud, WARNE caused Community State Bank to issue over six million dollars in fraudulent loans.

9. The fraudulent scheme operated in the following manner:

a. WARNE used the identities of Individuals A, B, C, and D to obtain loans from Community State Bank by preparing loan applications and universal notes and forging signatures of Individuals A, B, C, and D.

2

b.  After the fraudulent loans were funded, WARNE used the proceeds to support his lifestyle, including buying show cattle and vehicles, making property improvements, and repaying earlier fraudulent loans.

c.  From August of 2010 through and including August of 2015, WARNE prepared or caused to be prepared false and fraudulent universal notes and caused Community State Bank to issue over two million dollars in fraudulent loans in the name of Individual A.

d.  From October of 2010 through and including June of 2015, WARNE prepared or caused to be prepared false and fraudulent universal notes and caused Community State Bank to issue over two million dollars in fraudulent loans in the name of Individual B.

e.  From March of 2011 through and including June of 2015, WARNE prepared or caused to be prepared false and fraudulent universal notes and caused Community State Bank to issue over one million five hundred thousand dollars in fraudulent loans in the name of Individual C.

f.  From January of 2015 through and including March of 2015, WARNE prepared or caused to be prepared false and fraudulent universal notes and caused Community State Bank to issue over sixty thousand dollars in fraudulent loans in the name of Individual D.

g. As President of Community State Bank, WARNE was responsible for preparing the minutes of the Board of Directors meetings for Community State Bank and making those minutes available for FDIC examinations.

h. WARNE was aware that any loans to family members would involve increased scrutiny from the Community State Bank Board of Directors. WARNE was further aware that any loans to family members that were not reviewed by the Board of Directors would raise suspicion among FDIC examiners.

i. To conceal his scheme to defraud and perpetuate his ability to obtain additional fraudulent loans, WARNE prepared or caused to be prepared one set of minutes for review by the Community State Bank Board of Directors. These actual minutes shown to, and approved by, the Community State Bank Board of Directors, contained no mention of the fraudulent loans ("actual minutes"). WARNE prepared a second, false set of minutes for the meetings of the Board of Directors for Community State Bank ("false minutes"). The false minutes referenced the fraudulent loans WARNE secured in the names of Individuals A, B, C and D. WARNE provided and caused to be provided the false minutes to FDIC examiners, giving the false and fraudulent representation to FDIC examiners that the fraudulent loans

to Individuals A, B, C and D were reviewed by the Community State Bank Board of Directors.

## EXECUTION OF THE SCHME

10. On or about the dates set forth below, in Newton County, within the Northern District of Indiana, WARNE committed the following acts, each of which constituted an execution and attempted execution of the scheme to defraud:

| Count | Name on Loan | Date Loan Obtained | Loan Amount |
|---|---|---|---|
| 1 | Individual A | May 29, 2015 | $410,000 |
| 2 | Individual A | May 29, 2015 | $610,575 |
| 3 | Individual A | August 20, 2015 | $85,000 |
| 4 | Individual B | October 22, 2010 | $118,000 |
| 5 | Individual B | May 29, 2015 | $535,000 |
| 6 | Individual B | August 18, 2014 | $70,000 |
| 7 | Individual C | March 1, 2011 | $189,250 |
| 8 | Individual C | May 28, 2015 | $260,000 |
| 9 | Individual C | June 1, 2015 | $370,000 |
| 10 | Individual D | March 17, 2015 | $62,000 |

All in violation of Title 18, United States Code, Section 1344.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 11
(Identity Theft)

On or about August 18, 2014, in the Northern District of Indiana and elsewhere, the defendant,

**MARK WARNE**

did knowingly possess and use, in or affecting interstate commerce, without lawful authority, a means of identification of another person, namely forged signatures on documents associated with bank loans, with the intent to commit an unlawful activity that constitutes a violation of federal criminal law, namely Bank Fraud in violation of Title 18, United States Code, Section 1344, as set forth in Count 6.

All in violation of Title 18, United States Code, Section 1028(a)(7).

## THE GRAND JURY FURTHER CHARGES:

### COUNT 12
(Identity Theft)

On or about May 29, 2015, in the Northern District of Indiana and elsewhere, the defendant,

## MARK WARNE

did knowingly possess and use, in or affecting interstate commerce, without lawful authority, a means of identification of another person, namely forged signatures on documents associated with bank loans, with the intent to commit an unlawful activity that constitutes a violation of federal criminal law, namely Bank Fraud in violation of Title 18, United States Code, Section 1344, as set forth in Count 5.

All in violation of Title 18, United States Code, Section 1028(a)(7).

# THE GRAND JURY FURTHER CHARGES:

## COUNT 13
(Identity Theft)

On or about March 1, 2011, in the Northern District of Indiana and elsewhere, the defendant,

**MARK WARNE**

did knowingly possess and use, in or affecting interstate commerce, without lawful authority, a means of identification of another person, namely forged signatures on documents associated with bank loans, with the intent to commit an unlawful activity that constitutes a violation of federal criminal law, namely Bank Fraud in violation of Title 18, United States Code, Section 1344, as set forth in Count 7.

All in violation of Title 18, United States Code, Section 1028(a)(7).

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 14
(Identity Theft)

On or about March 17, 2015 in the Northern District of Indiana and elsewhere, the defendant,

**MARK WARNE**

did knowingly possess and use, in or affecting interstate commerce, without lawful authority, a means of identification of another person, namely forged signatures on documents associated with bank loans, with the intent to commit an unlawful activity that constitutes a violation of federal criminal law, namely Bank Fraud in violation of Title 18, United States Code, Section 1344, as set forth in Count 10.

All in violation of Title 18, United States Code, Section 1028(a)(7).

# FORFEITURE ALLEGATIONS

1. The allegations contained in Counts 1-10 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2)(A).

2. Upon conviction of the offenses in violation of Title 18, United States Code, Section 1344 set forth in Counts 1-10 of this Indictment, the defendant, MARK WARNE, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s). The property to be forfeited includes, but is not limited to, the following: the real property, including any improvements thereto, located at 10761 S. 175 E. Road Brook, Indiana, legally described as follows: PT S1/2 OF SEC 29 T28W R8W 14.695 ACRES IROQUOIS TWP CITY/MUNI/TWNSP: IROQUOIS TWP; SEC/TWN/RNG/MER: SEC 29 TWN 28W RNG 08W; TRACT: 1006002032

The United States will also seek a forfeiture money judgment equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s).

3. If any of the property described above, as a result of any act or omission of the defendant[s]:

    a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL:

S/FOREPERSON
FOREPERSON

DAVID CAPP
UNITED STATES ATTORNEY

By: S/Joshua P. Kolar
     Joshua P. Kolar
     Abizer Zanzi
     Assistant United States Attorney